**CHAMPION BOXED BEEF COMPANY, Plaintiff–Counter–Defendant– Appellee,**

v.

**LOCAL NO. 7 UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, named as: United Food and Commercial Workers, Defendant–Counter–Claimant–Appellant.**

**No. 93–1221.**

United States Court of Appeals, Tenth Circuit.

May 6, 1994.

---

Walter V. Siebert of Sherman & Howard, Denver, CO, for plaintiff-counter-defendant-appellee.

John P. Bowen, Wheat Ridge, CO, for defendant-counter-claimant-appellant.

Before LOGAN and SETH, Circuit Judges, and KELLY,* District Judge.

LOGAN, Circuit Judge.

United Food & Commercial Workers, Local Union No. 7 (the Union) appeals from the district court's order granting Champion Boxed Beef Company's (the Company) motion for summary judgment and vacating an arbitrator's award as not from the essence of the controlling collective bargaining agreement.[1]

As in other cases in which the district court grants summary judgment, we review the grant of summary judgment in a labor arbitration case de novo. Judicial review of an arbitral award, however, "is among the narrowest known to the law." *Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7,* 886 F.2d 275, 276 (10th Cir.1989). The arbitrator's factual findings are beyond review, and, so long as the arbitrator does not ignore the plain language of the collective bargaining agreement, so is his interpretation of the contract. *See United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 37–38, 108 S.Ct. 364, 370–71, 98 L.Ed.2d 286 (1987) (citing *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960)). As long as the arbitrator's award "draws its essence from the collective bargaining agreement" it must be upheld. *Enterprise Wheel & Car,* 363 U.S. at 597, 80 S.Ct. at 1361.

Chris Montemayor was an employee of the Company and served as a steward for the Union. His usual job was to catch and sort product as it came off the line. On September 30, 1992, Montemayor's supervisor asked him to take a temporary assignment at the unloading dock. Although precisely what happened and what was said after this request was disputed in testimony before the arbitrator, it is agreed that Montemayor did not perform the temporary assignment and that he was discharged by the Company for insubordination and for refusing to perform reasonable work. Pursuant to the collective bargaining agreement, Montemayor filed a grievance that was referred to arbitration. The resulting arbitration award reinstated Montemayor. The Company sued in federal district court to vacate the award; the Union filed a counterclaim, seeking the award's enforcement. On cross-motions for summary judgment, the district court denied the Union's motion, granted the Company's motion, and vacated the award. This appeal fol-

* The Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

lowed. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse.

## I

The collective bargaining agreement provides in pertinent part:

### ARTICLE 7

7.01. No employee covered by this Agreement shall be ... dismissed without just and sufficient cause. Sufficient cause of discharge shall include, among other reasons, ... insubordination; ... [and] refusal to perform any reasonable work, service or labor when required to do so by the Company....

.  .  .  .  .

### ARTICLE 35

35.01. This Agreement contains all of the covenants, stipulations and provisions agreed upon between the parties hereto and no representative of either party has authority to make, and none of the parties shall be bound by, any statement, representation or agreement reached prior to the signing of this Agreement or made during these negotiations not set forth herein.

It is further agreed and understood that any letter of understanding, past practice or other matter not included or attached to this Agreement is null and void as of the date of this Agreement.

Collective Bargaining Agreement at 5–6, 39 (Appellant's App.Doc. 2).

The parties stipulated the following issues to be decided by the arbitrator: "Was the Grievant, Chris Montemayor, discharged for just and sufficient cause on September 30, 1992? If not, what is an appropriate remedy?" Award at 16 (Appellant's App. Doc. 3). The arbitrator decided that the Company did not have sufficient cause to discharge Montemayor because Montemayor's actions did not rise to the level of insubordination or refusal to perform reasonable work within the meaning of the collective bargaining agreement. Id. at 22, 24. To reach this result, the arbitrator looked at the language of the collective bargaining agreement and listened to testimony concerning the Company's current practice—the "common law of the shop"—when other employees have balked at accepting work assignments. See United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960) ("[T]he industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it.").

The arbitrator found that Montemayor had never stated that he would not do the requested work. Award at 23 (Appellant's App. Doc. 3). The arbitrator further found that Montemayor had a physical excuse, of which the Company was on notice, for declining the temporary assignment. Id. The arbitrator also found that the Company does not fire employees who refuse work assignments without counseling and a warning. Id. at 23–24.

In vacating the arbitrator's award, the district court held that the arbitrator "stray[ed] beyond the four corners of the [collective bargaining] agreement." Tr. of Dist.Ct.Hr'g at 61, 67–68 (Appellant's App.Doc. 4) (citing NCR Corp. v. International Ass'n of Machinists & Aerospace Workers, 906 F.2d 1499, 1504 (10th Cir.1990)). The district court concluded that, by considering the Company's practice of not firing employees who refuse work assignments, the arbitrator was ignoring the plain language of the collective bargaining agreement that allows the Company to discharge employees who refuse to perform reasonable work. See Tr. of Dist. Ct.Hr'g at 67–68 (Appellant's App.Doc. 4). The district court appears to have accepted the Company's argument that the arbitrator was inappropriately looking at past practices in contravention of Article 35 of the collective bargaining agreement. See id. at 67.

■■■ We disagree with the district court's conclusion that the arbitrator's determination in this case failed to draw its essence from the "four corners" of the collective bargaining agreement. It is a well-recognized principle that, except where expressly limited by a labor agreement, an arbitrator may consider and rely upon extrinsic evidence, including negotiating and contrac-

tual history of the parties, evidence of past practices, and the common law of the shop, when interpreting ambiguous provisions. *See NCR Corp.*, 906 F.2d at 1501. And as noted above, "[t]he labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and shop—is equally a part of the collective bargaining agreement." *Warrior & Gulf Navigation Co.*, 363 U.S. at 581–82, 80 S.Ct. at 1352. Seeking to interpret the Article 7 language "refusal to perform reasonable work," the arbitrator legitimately heard testimony about the practices in the Company's shop that are utilized when employees resist requests to have them perform new or different work. The phrase "reasonable work" is ambiguous in that it seems to indicate a recognition by the parties to the agreement that not every order by the employer to perform a task is unquestionable and mandatory. The arbitrator heard testimony suggesting that the Company has considered employees' physical condition and other justifications for refusing work assignments, and the arbitrator concluded that it was common practice in the shop to excuse employees from proposed work or to counsel employees to accept proposed work and warn them of the possibility of discharge.

We believe the district court was troubled by the arbitrator's interpretation of the bargaining agreement phrase "refusal to perform reasonable work,"[2] and this court does not ratify or reject the arbitrator's interpretation. But we do recognize that a court may not overrule the arbitrator's factual findings or contract interpretations because we disagree with them. *See Misco*, 484 U.S. at 38, 108 S.Ct. at 370–71. Therefore, we conclude that the arbitrator did not exceed his authority in considering the common law of the shop in this case, and that the award draws its essence from the collective bargaining agreement.

Accordingly, the order of the district court vacating the arbitration award is RE-VERSED, and the case is REMANDED with instructions to enter an order of enforcement.

SETH, Circuit Judge, concurs in the result.

---

**2.** The district court's concerns stem largely from its belief that the arbitrator's consideration of policies and practices not explicitly found in the agreement violate Article 35 of the collective bargaining agreement. *See* Tr. of Dist.Ct.Hr'g at 67 (Appellant's App. Doc. 4). However, that provision only restricts reliance on "past practice or other matter" that predated this bargaining agreement. The current labor contract was in force for more than a year before Montemayor was discharged, and we cannot upset the arbitrator's findings that the Company's actions had promulgated a cognizable and relevant law of the shop at the time of Montemayor's dismissal.